## D. E. Hewitt Lumber Company v. Cisco.

(Decided October 15, 1918.)

## Appeal from Martin Circuit Court.

1. Master and Servant—Unsafe Place—Insufficient Lights—Insufficient Help—Proximate Cause—Evidence.—In a servant's action for personal injuries based on master's failure to furnish a safe place, sufficient lights and sufficient help, evidence examined and held that none of the alleged acts of negligence were the proximate cause of his injuries.

2. Master and Servant—Assumption of Risk.—A servant employed to dislodge logs, which had been obstructed in their descent, assumes the risk of injuries caused by his efforts to move them

WHEELER & WHEELER for appellant.

A. COPLEY, J. B. CLARK and A. J. KIRK for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for personal injuries plaintiff, Henry Cisco, recovered of the defendant, D. E. Hewitt Lumber Company, a verdict and judgment for $1,000.00, and the defendant appeals.

The defendant is engaged in manufacturing lumber. Its mill is located at the mouth of Wolf Creek, in Martin county. Its logs were hauled over a narrow-gauge railroad to a point a few feet above a pond, constructed for the purpose of washing the logs. The logs were rolled down the hill into the pond. After they were washed, the logs were taken out on the opposite side, put on a carriageway and pulled up the bank to the mill. The rollway between the railroad and the pond was prepared by clearing the timber, bushes, etc., thus making the grade smooth so that the logs, when thrown from the cars, would roll into the pond of their own momentum. Sometimes, however, the logs would lodge because they were not properly started, or because of some obstruction in the way. For this reason it was necessary to have a man to dislodge the logs. Late in the afternoon on the day he was injured plaintiff applied for work. He had had several years' experience in handling logs and the job of dislodging the logs was assigned to him. About eleven o'clock at night he found that three logs had lodged against a stump near the edge of the water. In attempting to dislodge these logs, his leg was mashed.

In describing the accident, plaintiff used the following language:

"A. Yes, sir. When I received my injury I was right down here at the end of these two logs and I got hold of this one and was rolling it with a cant hook. I raised as hard a raise as I could but I could not move it, and I just stepped on top the log and put one foot on this side. I just catched hold of it and give it a little flip to straighten it out. I did not intend to roll it out when I was pinching on it. I just give it a little bit of a hoist and the log slipped out and hit my leg and I got out at the end of the log to keep from getting hurt."

He further stated that although he knew that something was holding the logs, he did not know that there was a stump there. Though he could see how to get around, the lights where he was were not good and on this account he could not see the stump. He further stated that if there had been two men there they might have lifted the logs over.

Plaintiff based his right of recovery on an unsafe place, insufficient lights and insufficient help. It is argued that the place was unsafe because the stump was there and could not be seen because of the insufficient lights. It is further argued that the accident would not have occurred if plaintiff had been furnished an assistant. It is manifest, however, that none of these alleged acts of negligence were the proximate cause of plaintiff's injuries. The stump merely stopped the logs. It did not cause the logs to strike plaintiff. On the question of insufficient lights, plaintiff merely claims that he could not see the stump. He does not claim that he could not see the logs or that the result of his "little flip" would have been different had there been more light. It is likewise clear that he was not injured because the task was too great for one man. On the contrary, the accident was due entirely to the fact that plaintiff miscalculated the effect of his own effort, and failed to get out of the way of the logs. Under these circumstances, the danger of being struck by the logs which he was attempting to move was one of the ordinary risks of the business and was necessarily assumed by plaintiff. The trial court should have directed a verdict in favor of the defendant.

Judgment reversed and cause remanded for new trial consistent with this opinion.